| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202<br>(303) 606-2300 | DATE FILED: March 17, 2023 1:01 PM<br>FILING ID: E3170D369A0C9<br>CASE NUMBER: 2023CV30831 |
| PLAINTIFF:   **GARY WILLOUGHBY**<br><br>v.<br><br>DEFENDANT:   **AMCO INSURANCE COMPANY** | ▲ **COURT USE ONLY** ▲ |
| *Attorney(s) for Plaintiff:*<br>Nicholas W. Mayle, #38252<br>**RAMOS LAW**<br>10190 Bannock Street, Suite 200<br>Northglenn, CO 80260<br>Phone Number: (719) 600-5413<br>Fax Number: (303) 856-5666<br>E-mail: nmayle@ramoslaw.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW**, Plaintiff, Gary Willoughby, by and through his attorneys, Ramos Law, and for his Complaint and Jury Demand, states and alleges as follows:

### PARTIES

1. At all times relevant, Plaintiff, Gary Willoughby was and is a resident of the State of Colorado.

2. Upon information and belief, at all times relevant, Defendant AMCO Insurance Company was and is a foreign insurance company authorized to do business in the State of Colorado.

3. Defendant's principal place of business is in the State of Iowa.

### JURISDICTION AND VENUE

4. Plaintiff incorporates herein by reference each allegation of this complaint.

5. Jurisdiction and venue are proper in Denver County District Court according to C.R.C.P. 98.

1

# GENERAL ALLEGATIONS

6. Plaintiff incorporates herein by reference each allegation of this complaint.

7. On or about July 4, 2019, Plaintiff was riding his 2008 Harley-Davidson westbound on I-70 near mile marker 247 in the right lane in Idaho Springs, Colorado.

8. At the same time and place, Valerie Romine was driving a 2009 Acadia traveling westbound on I-70 near mile marker 247 in the right lane in Idaho Springs, Colorado.

9. Ms. Romine negligently and carelessly failed to keep a proper look out while driving and struck the rear of Plaintiff's Harley-Davidson.

10. Ms. Romine was negligent and negligent *per se*.

11. Ms. Romine was negligent *per se* for driving carelessly, following too closely, and failing to keep a proper lookout.

12. As a result of Ms. Romine's negligence, Plaintiff sustained injuries, damages, and losses.

13. Plaintiff was wearing a helmet at the time of the collision.

14. Plaintiff sustained physical injuries as a result of the collision.

15. Plaintiff received medical treatment as a result of the collision.

16. Plaintiff incurred medical expenses as a result of the collision.

17. Ms. Romine was an underinsured motorist at the time of the collision in question.

18. Plaintiff was not negligent in the above-referenced motor vehicle collision.

19. No third party caused or contributed to the cause of the above-referenced motor vehicle accident, and/or Plaintiff's injuries, damages, and losses.

20. Plaintiff has not failed to mitigate his damages.

21. At the time of the collision, Plaintiff had vehicle insurance coverage in full force and effect through Defendant, including Uninsured/Underinsured Motorist ("UIM") coverage (policy #MSA 0063883825-2) (elsewhere "Policy").

22. Defendant received premiums form plaintiff for this policy.

23. This policy is binding contract.

24. The Policy provided UIM coverage of up to $500,000 per person per occurrence.

25. The Policy provided medical payment coverage of $5,000 per person.

26. At the time of incident, Ms. Romine was insured by Progressive with a policy providing coverage up to $50,000 per person per incident.

27. On or about March 24, 2021, Plaintiff settled his claim with Progressive, the insurance carrier for Ms. Romine, for the policy limits of $50,000.

28. On March 23, 2021, Defendant granted permission to accept Progressive's policy limits, thereby waiving its right to seek compensation from Ms. Romine.

29. Plaintiff incurred damages and losses in excess of $50,000 and is therefore entitled to underinsured motorist benefits under the policy with Defendant.

30. To date, Defendant has not made any UIM payments under the Policy.

31. On March 5, 2021, Plaintiff's counsel informed Defendant that the Plaintiff was making an underinsured motorist claim.

32. Prior to March 5, 2021, Defendant had been in direct contact with Plaintiff regarding his claim.

33. Prior to March 5, 2021, Plaintiff provided Defendant with authorizations to obtain his medical records and bills.

34. On September 3, 2021, Plaintiff informed Defendant that surgery had been recommended for his shoulder.

35. On October 9, 2021, Plaintiff provided Defendant will bills and records for review and evaluation.

36. On October 29, 2021, Plaintiff provided Defendant with additional bills and records, the total of which was then over $ 66,000 for review and evaluation.

37. On February 9, 2022, Plaintiff provided Defendant with additional bills and records.

38. On February 15, 2022, Plaintiff left a message and email for Defendant requesting confirmation that she had received all that she needed for review and evaluation of this claim and provided additional records and bills recently received.

39. On March 4, 2022, Defendant requested Plaintiff's records from before the subject accident.

40. On May 27, 2022, Plaintiff provided Defendant with a new medical authorization.

41. To date Defendant has been provided with approximately $74,000 in past medical expenses for the Plaintiff.

42. Defendant has admitted that liability is clear and that Ms. Romine was 100% at fault.

43. Defendant has admitted that there was insufficient liability coverage for this loss.

44. Defendant has taken the position that there is not one dollar in undisputed damages due and owing under the Policy.

45. Defendant has not paid one dollar to the Plaintiff under the Policy despite being in possession of his medical records, bills and other information relating to the claim for over one year.

46. Plaintiff has complied with the terms of the policy.

47. Plaintiff has cooperated with Defendant.

48. An insurance company should assist its insured with a claim.

49. An insurance company should pay its insured benefits that are owed.

50. An insurance company should not delay in evaluating a claim.

51. An insurance company should not delay in paying benefits that are owed.

52. An insurance company should not speculate it evaluating a claim.

53. An insurance company should give its insured the benefit of the doubt in evaluating a claim.

54. An insurance company should place the interests of its insured above its own interests.

55. An insurance company should evaluate claims based on the preponderance of the evidence standard.

56. An insurance claim should not force an insured to prove his claim conclusively.

57. An insurance company should not delay in taking steps it views as necessary to evaluate an insured's claim.

58. An insurance company should not force its insured to file a lawsuit against it in order to recover benefits that are owed.

59. An insurance company should have a neutral medical doctor evaluate an insured's injury claim.

4

60. Defendant has not assisted Plaintiff with his claim.

61. Defendant has not paid benefits to Plaintiff that are owed.

62. Defendant has delayed in evaluating Plaintiff's claim.

63. Defendant has delayed in paying benefits that are owed to Plaintiff.

64. Defendant has speculated in evaluating Plaintiff's claim.

65. Defendant has not given the Plaintiff the benefit of the doubt in evaluating his claim.

66. Defendant has placed its interests above the interests of the Plaintiff.

67. Defendant has not evaluated plaintiff's claim based on the preponderance of the evidence standard.

68. Defendant has forced Plaintiff to prove his claim conclusively.

69. Defendant has delayed in taking steps it views as necessary to evaluate plaintiff's claim.

70. Defendant has forced Plaintiff to file a lawsuit against it to recover benefits that are owed.

71. Defendant has not had a natural medical doctor evaluate Plaintiff.

## **FIRST CLAIM FOR RELIEF**
*(Breach of Contract)*

72. Plaintiff incorporates herein by reference each allegation of this complaint.

73. At all times material hereto, and at the time of the incident complained of, the Defendant was a foreign corporation, authorized to do and doing business in the State of Colorado, with its registered agent being Division of Insurance.

74. At all times material hereto, and at the time of the incident complained of, the Plaintiff was insured under a statutorily complied Colorado auto insurance policy issued by Defendant.

75. At the time of the crash, all premiums due on Plaintiff's insurance policy had been paid and the Policy was in effect.

76. Plaintiff's Policy contained a provision for underinsured motorist benefits.

77. Upon information and belief, the Policy contained within it a "direct action clause" and/or in the alternative provided for the filing of this action.

78. Under Plaintiff's Policy, Defendant has a contractual obligation to provide underinsured benefits to Plaintiff to compensate him for injuries and damages arising from an underinsured motorist's negligence.

79. Plaintiff is entitled to recover underinsured benefits pursuant to C.R.S. § 10-4-609(1)(c) and the terms of his Policy.

80. Defendant's refusal to pay underinsured benefits to Plaintiff is a breach of its contractual obligations under the Policy.

81. As a direct and proximate result of Defendant's breach of its contractual obligations, Plaintiff has been deprived of underinsured benefits.

82. To date, Defendant has failed and/or refused to pay one dollar in underinsured benefits as required by the Policy and, as such, has required the filing of this action.

83. Plaintiff has sustained injures, damages, and losses as a result of Defendant's breach.

## SECOND CLAIM FOR RELEIF
*(Violation of §§ 10-3-1115 and 10-3-1116, C.R.S.)*

84. Plaintiff incorporates herein by reference each allegation of this complaint.

85. C.R.S. §10-3-1115, forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

86. Plaintiff is a first-party claimant as defined by C.R.S. § 10-3-1115(1)(b)(I).

87. Defendant is an insurer and has unreasonably delayed and denied Plaintiff's first-party insurance claim within the meaning of C.R.S. § 10-3-1115(1)(b)(I).

88. C.R.S. § 10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action in a Colorado district court to recover reasonable attorney fees and court costs, benefits due under the Policy and in addition, two times the delayed or denied covered benefits.

89. Defendant has delayed in evaluating Plaintiff's claim and paying benefits that are owed.

90. Defendant's refusal to pay benefits constitutes a denial of the claim.

91. Defendant's actions, as described above, violate these statutes.

92. Plaintiff brings this claim to recover, in addition to the benefits due under the Policy, two times the amount of those benefits, and his reasonable attorney fees and court costs incurred in this action pursuant to C.R.S. § 10-3-1116.

93. Defendant has unreasonably delayed and denied payment of benefits to Plaintiff pursuant to the Policy it sold to Plaintiff which was in full force and effect on the date of the loss, as described above.

94. Defendant was on notice of the claim as well as Plaintiff's injuries, damages, and losses, and was provided any and all updates necessary to evaluate Plaintiff's claim.

95. Notwithstanding, Defendant unreasonably delayed payments of benefits under the Policy that were due and owing.

96. As a result of Defendant's unreasonable delay and denial of Plaintiff's claims, Plaintiff is entitled to the statutory remedy provided for in Article 10 of the Colorado Revised Statutes.

### THIRD CLAIM FOR RELIEF
*(Common Law Bad Faith Breach of Insurance Contract)*

97. Plaintiff incorporates herein by reference each allegation of this complaint.

98. Defendant acted in bad faith and acted unreasonably by denying Policy benefits to Plaintiff and either knew it was acting unreasonably or recklessly disregarded that fact.

99. Defendant's conduct falls below the standard of care of a reasonably prudent insurer doing business in the State of Colorado and violates the Policy's implied covenant of good faith and fair dealing.

100. Defendant's unreasonable conduct in relation to Plaintiff's claims was committed with knowledge of the fact that its actions were unreasonable and/or in disregard of the fact that its actions were unreasonable.

101. Defendant breached its duty of good faith and fair dealing by its actions described generally above, and which also include, without limitation, the following unreasonable acts:

   a. Refusing to pay Plaintiff's claim following a reasonable investigation based upon all available information;

   b. Depriving Plaintiff of the benefits and protections of the contract of insurance;

   c. Engaging in a one-sided investigation of the evidence, improperly acting in preference to its rights and interests to the detriment of its insured;

   d. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

    e.    Failing to conduct a thorough investigation of the claim and to give consideration for items, such as prejudgment interest, pain and suffering, impairment, and disfigurement, which it should have recognized to be due and owing; and

    f.    Other conduct to be discovered during the course of these proceedings.

    g.    Refusing to provide an evaluation of benefits due and owing under the Policy prior to the applicable statute of limitations thereby forcing the Plaintiff to file suit in order to recover benefits under the Policy.

102.    As a result of Defendant's conduct, Plaintiff sustained injuries, damages and losses.

## DAMAGES

103.    Plaintiff incorporates herein by reference each allegation of this complaint.

104.    As a result of the collision, Plaintiff has economic damages, including damages for past and future medical expenses and home services.

105.    As a result of the collision, Plaintiff permanent impairment and disfigurement.

106.    As a result of the collision, Plaintiff has past and future non-economic damages, including damages for pain and suffering, emotional stress, inconvenience, and impairment of the quality of life.

107.    Under the Policy, Defendant is responsible for any and all of Plaintiff's damages set forth above that were not compensated by Plaintiff's settlement with Romine's insurance company.

108.    Plaintiff has also sustained economic damages and non-economic damages due to Defendant's handling of his claim, bad faith, unreasonable delay, unreasonable denial, and breach of contract.

**WHEREFORE**, Plaintiff, Gary Willoughby, requests that judgment be entered in favor of Plaintiff and against Defendant, in an amount sufficient to punish and deter Defendant and fairly compensate Plaintiff for the injuries as set forth above, court costs, attorney fees, expert witness fees, statutory interest from the date this cause of action accrued, or as otherwise permitted under Colorado law, and for such other and further relief as this Court deems just and proper, and/or Plaintiff prays for the following relief:

    (a)    For an amount which will reasonably compensate Plaintiff for past, present, and future economic loss;

    (b)    For an amount which will reasonably compensate Plaintiff for noneconomic damages, including pain and suffering, emotional stress, inconvenience, and impairment of the quality of life;

    (c)    For damages pursuant to § 10-3-1116, C.R.S. against Defendant, including attorney's fees, costs, including expert witness fees, interest and any and all statutory penalties;

    (d)    For interest as provided by Statute from the date of the incident which forms the basis of this Complaint to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and any other and further relief as the Court may award.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Respectfully submitted this 17th day of March, 2023.

**RAMOS LAW**

*Original signature on file at Ramos Law*

/s/ *Nicholas W. Mayle*
Nicholas W. Mayle, #38252
*Attorneys for Plaintiff*

**Plaintiff's Address:**
c/o Ramos Law
10190 Bannock Street
Northglenn, Colorado 80260